**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**Frank PISCITELLO, Defendant-Appellant.**

No. 272, Docket 23817.

United States Court of Appeals Second Circuit.

Argued March 7, 8, 1956.

Decided March 21, 1956.

444

Gabriel B. Schwartz, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Bella V. Dodd, New York City (Dodd & Reagan, New York City, and James A. Cardiello, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

■ There is no question but that the appellant, Piscitello, escaped in the Pennsylvania Station in New York City from the custody of two guards who were returning him to the United States Public Health Service Hospital at Lexington, Kentucky, from which he had been released under guard to attend the funeral of his mother in New York, and that he was not apprehended for several weeks. His chief attack upon his conviction of the crime of escape under 18 U.S.C. § 751 is that these guards of the Public Health Service were not "representatives of the Attorney General" within the meaning of the statute. Piscitello had been convicted of violation of the anti-narcotics laws; his immediate incarceration at this drug-addiction-treatment center was in pursuance of a sentence to 18 months' imprisonment for violation of probation involving the use of narcotics, the sentence "to be served at the United States Public Health Service Hospital at Lexington, Kentucky." He was a federal prisoner at an institution properly designated by the Attorney General for his confinement, and he escaped from the employees of the institution charged with his custody. The statute clearly applies, and his point is quite without merit.

■ Piscitello's further attacks upon Judge Kaufman's claimed overzealous conduct of the trial and pressure upon defense counsel for concessions must fail, since the criticized acts seem to us but commendable efforts to expedite proceedings in a case where the issues were simple and clear and substantial defense was lacking. The trial was fair, and the charge quite adequate. While the court's charge on defendant's failure to take the stand may not have been ideally cast, it was not prejudicial and no objection was taken to it. See Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257; United States v. Tannuzzo, 2 Cir., 174 F.2d 177, certiorari denied Tannuzzo v. United States, 338 U.S. 815, 70 S.Ct. 38, 94 L.Ed. 493.

Conviction affirmed.