UNITED STATES of America, Plaintiff-Appellee,

v.

Theresa PEARSON, Defendant-Appellant.

No. 15618.

United States Court of Appeals
Sixth Circuit.

March 30, 1965.

John D. O'Connell, Detroit, Mich., for appellant.

George A. Googasian, U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and GRAY, District Judge.

PER CURIAM.

Appellant was convicted of violation of the laws pertaining to the possession and sale of narcotics. Her appeal presents two questions: (1) the admissibility of evidence that she remained silent when accusatory statements were made to her by a government agent, and (2) the admissibility of evidence of prior similar offenses.

■ Although both parties have treated the second of these questions as properly before the court, it does not appear from the record that any objection was entered at the time this evidence was offered. This question, therefore, need not be considered.

With reference to the first question, it appears that Ernest J. Marquardt, a Federal narcotics agent, in his testimony for the government, stated that during the latter part of 1962 he had a conversation with the defendant in which he told her that he knew she had been engaged in the illicit heroin traffic since 1959 and that her source of supply for the drug was her sister; that defendant merely replied that her sister would not talk with her.

This testimony followed a ruling by the trial court that the testimony was admissible after objection had been made to it. During argument on the objection and in the presence of the jury, the assistant United States Attorney stated that the purpose of the offered testimony was to show that defendant made no denial and that such silence might properly be proved. Following this argument and further argument in the absence of the jury the court overruled the objection and the testimony above related was given.

The conversation related occurred many months after indictment and in the absence of counsel for defendant.

We believe that the admission of this testimony was prejudicial error. In McCarthy v. United States, 25 F.2d 298 (6th Cir. 1928) this court said:

"Where accusatory statements are made in the presence of a respondent and not denied, the question whether his silence has any incriminating effect depends upon whether he was under any duty or any natural impulse to speak. Sometimes or often, in the earlier stages of the matter, there may be such a duty or impulse; but, after the arrest and during an official examination, while respondent is in custody, it is common knowledge that he has a right to say nothing. Only under peculiar circumstances can there seem to be any duty then to speak. Lacking such circumstances, to draw a derogatory inference from mere silence is to compel the respondent to testify; * * *."

■ In that case, this court further pointed out that it "seemed to be the theory of the prosecutor and of the court that the silence of the respondents under such circumstances would be considered as tending to show their guilt. We infer from the record that the ruling was intended to be to this effect, and that the jury would have so understood it."

The same situation obtains here.

In our view of the matter we find it unnecessary to discuss the effect on this question, if any, of the decision of the Supreme Court, subsequent to the trial herein, in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) relative to the admissibility of incriminating statements made after indictment and in the absence of counsel.

The judgment must be reversed and the case remanded for a new trial.