A. C. COLEMAN, Jr., and James Dillard Johnson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20348.

United States Court of Appeals Ninth Circuit.

Oct. 13, 1966.

Arthur W. Kurteff, San Jose, Cal., for appellant Johnson.

Jay B. Pendleton, San Jose, Cal., for appellant Coleman.

Wm. P. Copple, U. S. Atty., Lawrence Turoff, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

The defendants have appealed from judgments of conviction upon verdicts finding them guilty of bank robbery. 18 U.S.C. 2113(a). Finding no error, we affirm.

▓ The record contains substantial evidence that warrants the jury's decision. It is not the province of an appellate court to weigh the evidence and determine the credibility of witnesses. And the trial judge did not err in instructing the jury to draw no adverse inference against defendants because of their failure to testify. To the contrary, his charge constituted a faithful compliance with the "implied direction" given district judges by Congress to fulfill "their traditional duty in guiding the jury by indicating the considerations relevant to the latter's verdict on the facts." Bruno v. United States, 308 U.S. 287, 293, 60 S.Ct. 198, 200, 84 L.Ed. 257 (1939). Similarly, his cautionary instruction concerning testimony of an accomplice was proper, for the jury might have considered the government's witness Hunter, who wrote the holdup note, a participant in the crime. But even if abstract, the instruction was beneficial rather than harmful to defendants. Phelps v. United States, 252 F.2d 49 (5th Cir. 1958).

The remaining assignments, urged by one of the defendants alone, are so patently lacking in substance that they do not merit discussion.