421 P.2d 901

**STATE of Arizona, Appellee,**

v.

**Arthur W. COUSINS, Appellant.**

**No. I CA–CR 93.**

Court of Appeals of Arizona.

Dec. 28, 1966.

Review Denied Jan. 17, 1967.

Hughes & Hughes, by Coit I. Hughes, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

STEVENS, Chief Judge.

The State of Arizona has filed a Motion for Rehearing in connection with the opinion rendered on the above cause on 17 November 1966. The opinion states that the court reporter was examined on voir dire in relation to the foundation for the receipt of Exhibit I in evidence. The Attorney General correctly points out that this is not an accurate statement of the record. The reporter's transcript reflects that after the offer of Exhibit I in evidence, an objection was made by the defendant. The court then addressed the Deputy County Attorney, " * * * will you inquire as to whether the witness compared the notes of this transcript after it was typed?" We quoted the court reporter's testimony in the opinion. Although the Attorney General earnestly questions the propriety of our ruling, we reaffirm our holding.

In the opinion, we state that the record does not reflect that the defendant requested an instruction concerning his right to not testify. The Attorney General correctly points out that the instruction which was given was, in fact, requested by the defendant. The reporter's transcript of the settling of the instructions, unfortunately, reflects that the Deputy County Attorney did not call the trial court's attention to the vice of the instruction, and the court was thereby lead into error. In our opinion we stated, "Even if the defendant had requested an instruction on this subject it is our opinion this instruction is clearly erroneous and prejudicial". The giving of the instruction was not urged as error. We are not receptive to the idea of reversals where the error, as here, is invited. In this instance, this instruction, coupled with other errors, requires a reversal.

The Attorney General urges that Webster's New International Dictionary, 2d Edition, at page 2184, attaches to the word "run" a number of meanings including "to flee from". The prosecutor was alerted

to the manner of departure when the defendant's passenger declined to testify that the defendant suggested that they "run". Her testimony is quoted in the opinion. When the charge of perjury is on trial, the defendant cannot be charged with all of the forty-eight different meanings set forth in Webster's. As we suggested in the opinion, the defendant could have truthfully testified, "No, I did not run, I drove my car". How simple it would have been in the traffic case for the prosecuting attorney to have asked the defendant whether or not he *left* the scene of the accident. This was the gravamen of the offense with which he was charged.

The Attorney General disagrees with other aspects of the opinion. We do not deem it necessary to discuss the remaining matters urged in the Motion for Rehearing.

The Motion for Rehearing is denied.

CAMERON, J., and E. D. McBRYDE, Superior Court Judge, concur.

NOTE: Superior Court Judge E. D. McBRYDE, having participated in the original opinion, also participated in the consideration of the Motion for Rehearing.