454 P.2d 987

STATE of Arizona, Appellee,

v.

Mickey Joe McALVAIN, Appellant.

No. 1897.

Supreme Court of Arizona.

In Division.

June 4, 1969.

Rehearing Denied July 8, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The defendant, Mickey Joe McAlvain, hereinafter designated as appellant, was found guilty by a jury of the charge of aggravated battery with a prior. The victim, Lyle C. Lewis, and a Mr. Sanson during the early morning hours were waiting for their wives across the street from Chester's Bar on West Indian School in Phoenix, Arizona. After attracting the attention of their wives driving by, Lewis and Sanson crossed the street to where they had stopped. As they crossed the street the appellant and two other men shouted obscenities at them. The appellant then approached the victim, kicked him in the stomach a number of times and urged him to fight. Lewis tried to evade the appellant but he was knocked down and kicked several times.

Another automobile arrived on the scene and the appellant and his two friends jumped into their automobile and sped away turning thereafter on to the Black Canyon Highway. Lewis and his wife followed in their car, attempting to get the license number of appellant's car. A chase ensued at speeds up to 70 to 80 miles per hour. In order to evade the victim, appellant turned off the lights on his car. This was observed by a highway patrolman who followed and stopped appellant. Lewis drove up and asked the officer to arrest the appellant because appellant had just beaten him. The appellant heard the accusation but said nothing.

After the jury had returned a verdict of guilty on the aggravated battery charge, the court proceeded to try the appellant on the allegation of prior conviction. The deputy county attorney offered in evidence a certified authenticated copy of the records of Oklahoma State Penitentiary consisting of judgments of conviction, a picture, and a set of fingerprints. Appellant's attorney objected to the exhibit and in chambers all judgments except the one pertaining to conviction of grand larceny were covered up by a plain sheet of paper stapled to the exhibit. The exhibit was

then admitted over counsel's objection and the state rested.

Appellant has raised the following questions: 1) Was the introduction of evidence by the state showing appellant's silence in the face of an accusation by the victim a violation of rights under the 5th and 14th amendments? 2) Was there sufficient evidence to support a finding of guilty of prior conviction? 3) Was it error, absent a request from appellant, for the court to instruct on the appellant's right not to testify? and 4) Was it error for the court to fail to instruct as to what constitutes a simple battery?

■ The appellant in his argument on the first point regarding testimony of victim that appellant was silent in the face of his accusation, relies on State v. Villalobos, 6 Ariz.App. 144, 430 P.2d 723 (1967). Although we agree with the result reached in the Villalobos case, we do not agree with the interpretation the Court of Appeals gave therein to one sentence in State v. Simoneau, 98 Ariz. 2, 401 P.2d 404 (1965). We hold that it is not error for the state to elicit testimony to the effect that a defendant was silent when accused by a person not associated with law enforcement if the defendant has not been charged nor is he in custody for the crime of which he is being accused. State v. Lounsbery, 445 P.2d 1017 (Wash.1968).

■ The purpose of the 5th amendment to the United States Constitution is to protect persons against inducements and compulsions exerted by the government which might compel self-incrimination. None of the cases cited by appellant, other than State v. Villalobos, supra, holds to the contrary. Each such case involves a situation where a police officer is the accusor or the defendant is in a compulsive custodial situation. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); and United States v. Pearson, 344 F.2d 430 (6 Cir. 1965), all fall in this category.

■ With regard to the prior conviction, the appellant contends that there is no evidence that the picture introduced in evidence as a part of Exhibit 2 was a picture of the person convicted under the name of Mickey Joe McAlvain in Oklahoma. We find no merit in this argument because the picture and the judgment of conviction were both certified and authenticated under the same seal.

■ Although a comparison by an expert of the fingerprints on the exhibit with those of appellant might have established the prior conviction more conclusively, we cannot say that there is not substantial evidence to support the jury's verdict. State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965).

■ The record reflects no request by the appellant for the trial judge to instruct the jury regarding his right not to testify. Appellant contends that the court's giving of such an instruction constitutes reversible error. With this position we cannot agree.

Division 1 of the Arizona Court of Appeals has decided a case which appellant contends supports his position. State v. Cousins, 4 Ariz.App. 318, 420 P.2d 185 (1966), rehearing denied, see 4 Ariz.App. 468, 421 P.2d 901 (1966). State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967), applies the rule laid down in State v. Cousins, supra. However, in State v. Dean, 8 Ariz.App. 508, 447 P.2d 890 (1968), the other division of the Court of Appeals was confronted by the same question compounded by the fact that two defendants were being tried, one asking for the instruction, and the other objecting to it. The trial court refused to give the instruction. In discussing the problem the court in a well reasoned opinion said:

"Thus, we feel that the court may never err in giving an instruction on failure to testify, assuming that the contents of the instruction itself are adequate. United States v. Kelly, 349 F.2d 720 at 768–769 (2d Cir. 1965); Coleman v. United States, 367 F.2d 388 (9th Cir. 1966)." 8 Ariz.App. at p. 513, 447 P.2d

at p. 895. See 18 ALR 3d 1335 for annotation on this subject.

In United States v. Garguilo, 310 F.2d 249, 252 (2d Cir. 1962), Judge Friendly wrote:

"There may be enough in this so that, as Judge Learned Hand said for this Court many years ago, 'It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it * * *.' Becher v. United States, 5 F.2d 45, 49 (2 Cir. 1924), cert. denied, 267 U.S. 602, 45 S.Ct. 462, 69 L. Ed. 808 (1925). But we agree also with the rest of Judge Hand's statement: 'but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity.' See also United States v. Tannuzzo, 174 F.2d 177 (2 Cir.), cert. denied, 338 U.S. 815, 70 S.Ct. 38, 94 L. Ed. 493 (1949); United States v. Piscitello, 231 F.2d 443 (2 Cir.), cert. denied, 352 U.S. 857, 77 S.Ct. 89, 1 L.Ed.2d 68 (1956). It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best. And 'despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify * * * a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause "shall not create any presumption against him." ' Bruno v. United States, supra, 308 U.S. [287] at 294, 60 S.Ct. [198] at 200 [84 L.Ed. 257]."

It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request.

We come now to the final point raised by the appellant, the court's failure to read to the jury in its instructions the statutory definition of a battery, i. e. "A battery is a wilful and unlawful use of force or violence upon the person of another," A.R.S. § 13–241, subsec. B.

The court in chambers indicated to counsel that it was going to give that definition and the deputy county attorney read the definition to the jury in his argument. The court, while reading the instructions, indicated that it would read the pertinent part of the Arizona Statute as it applies to the crime of aggravated battery and the crime of simple battery. The judge, in fact, did read the portion applying to aggravated battery.

■ At no time was the court's oversight called to its attention, nor was it afforded the opportunity to consider this matter by way of motion for new trial. The issue was first raised in Appellant's reply brief as a supplemental ground of error. We have numerous decisions of this court which indicate that the court has a duty to instruct on the general principles of law pertaining to the case regardless of whether the defendant requests such instructions. State v. Brock, 101 Ariz. 168, 416 P.2d 601 (1966); State v. Howard, 97 Ariz. 339, 400 P.2d 332 (1965); State v. Betts, 71 Ariz. 362, 227 P.2d 749 (1951).

Basically we are concerned with whether the omission here is fundamental error. We said in State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960):

"Fundamental error, is such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense. Morrison v. State, 37 Okl.Cr. 359, 258 P. 1050." 87 Ariz. at p. 222, 349 P.2d at p. 785.

■ We must also examine another question: Were the rights of the appellant in any degree infringed upon by this omission, and was the jury misled in any way so that the result could conceivably have been

different from that reached? Battery is not such a complicated or unfamiliar concept that we cannot say that every juror could not properly define it himself. One counsel in argument read the statutory definition to the jury. The appellant was not prejudiced by the trial court's omission. To reverse a case on these grounds would be to allow form to triumph over substance; justice does not require this.

Affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.