456 P.2d 941

**STATE of Arizona, Appellee,**

v.

**Lawrence Jack WILLIAMSON, Appellant.**

**No. 1954.**

Supreme Court of Arizona.

In Banc.

July 16, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Special Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice.

Defendant Lawrence Jack Williamson was convicted of robbery and sentenced to not less than five nor more than ten years. From his conviction and sentence defendant appeals.

Viewing the facts in a light most favorable to the verdict the following events occurred. On the evening of January 28, 1968, defendant pulled into a service station in Phoenix and asked the attendant, one Lautzenheiser, if he could charge some gasoline. Lautzenheiser refused, and defendant left the station. Approximately twenty minutes later defendant returned, threatened Lautzenheiser with a revolver, and demanded the contents of the cash drawer. As defendant sped away the attendant was able to write down the license number of his auto. A short time later that same evening Lautzenheiser's superior, one Moore, discovered the car parked about two blocks from the station. Inside the car were found business cards bearing defendant's name.

■ At the trial defendant elected not to take the stand on his own behalf. Although no request for such an instruction was made by defendant, the judge nevertheless charged the jury that they should draw no inferences from the fact that defendant had chosen not to testify. Defendant contends that the court committed reversible error in giving such an instruction in the absence of a request for it.

In State v. McAlvain, 104 Ariz. 445, 454 P.2d 987 (1969), the same issue was squarely before this Court. There we stated: " * * * it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request." 454 P.2d at 990.

■ Next defendant maintains that the admission of the testimony of Fred Burrows, Maricopa County Deputy Sheriff, that he first met defendant in the prison of Doylestown, Pennsylvania was so prejudicial to defendant's rights as to constitute reversible error. We cannot agree.

The testimony is as follows:

"Q. Do you know the defendant in this case, Mr. Lawrence Williamson?

"A. Yes.

"Q. When did you first meet him?

"A. March 16th of this year.

"Q. Where was that?

"A. Doylestown, Pennsylvania.

"Q. And whereabouts did you meet Mr. Williamson at that time?

"A. In the Doylestown City Prison."

We believe that the foregoing testimony was properly admitted as part of the evidence showing that defendant had fled the State of Arizona after the robbery was committed. In fact, after an intervening objection, Burrows went on to testify that he had gone to Doylestown to pick up defendant pursuant to a fugitive warrant. Viewed in this light the testimony in question was merely elicited to establish the fact of defendant's flight and cannot be taken as unfairly prejudicial to defendant.

■ Defendant complains that the prosecution did not lay a proper foundation for the introduction of testimony by Moore concerning the car used in the robbery. We believe that defendant's position here lacks merit. The victim testified that the defendant was driving a car with a certain license number at the time of the robbery. A short while later a car with the same license number was found by Moore. Even disregarding the fact that defendant's business cards were found in the auto, the identity of license numbers provides sufficient foundation for introduction of testimony concerning the car.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.