**483 P.2d 786**

**The STATE of Arizona, Appellee,**

**v.**

**Antonio Soza MORENO, Appellant.**

**No. 2184.**

Supreme Court of Arizona,
In Banc.

April 14, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Molloy, Jones, Hannah, Trachta & Coolidge, Tucson, by Michael J. Monroe, Tucson, for appellant.

HAYS, Vice Chief Justice.

Appellant, Antonio Soza Moreno, was convicted by a jury of armed robbery and sentenced to from five to six years in prison. Appellant now comes to this court and contends that the trial court erred in (1) denying his motion for a new trial, (2) denying his motion for a directed verdict, (3) instructing the jury on appellant's right not to testify and (4) improperly instructing the jury on the credibility of the testimony provided by the accomplice.

At the trial, the evidence tended to establish that on the afternoon of September 8, 1969, Larry's Hideout (hereafter referred to as Hideout) was robbed through the combined efforts of the appellant and three others. Rudy Hernandez, an accomplice, testified to the fact that the appellant's function in the robbery was to enter the Hideout, check the layout and report back to the other three on the situation inside. Hernandez thereafter testified that the appellant did perform his function according to plan and that, after receipt of appellant's information, the other three entered the Hideout and accomplished the robbery. Testimony regarding the events of the robbery was also received from the owner of the Hideout, Mr. Japp. He testified that just shortly before Hernandez and the others entered the Hideout, the appellant walked in, looked around and walked out.

We will first consider the appellant's contention that the trial court erro-

neously denied his motion for a new trial. The focal point of appellant's contention is that the testimony of the accomplice, Rudy Hernandez, was insufficiently corroborated by that of Mr. Japp and should therefore have been disregarded, pursuant to A.R.S. § 13–136, as part of the quantum of evidence in support of the verdict. Without the testimony of the accomplice, argues the appellant, the evidence is insufficient to support the verdict and the trial court, therefore, abused its discretion in denying his motion.

A.R.S. § 13–136 provides:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

In State v. Sheldon, 91 Ariz. 73, 369 P. 2d 917 (1962), in passing upon the sufficiency of the evidence necessary for corroboration pursuant to A.R.S. § 13–136, we said:

"The statute's (Section 13–136) primary requirement is that there be some evidence in the case which is legally sufficient to lend credibility to the statements of the accomplice. It must be evidence which will afford the trier of fact a sufficient basis for *believing* the testimony of the accomplice. But it need not corroborate any particular part of the accomplice's testimony. Rain v. State, 15 Ariz. 125, 137 P. 550 (1913). See also Kingsbury v. State, note 5 supra [27 Ariz. 289, 232 P. 887]. Nor need the 'corroboration * * * be by direct evidence [for] the entire conduct of the defendant may be looked to for corroborating circumstances and if from those circumstances, his connection with the crime may be fairly inferred, the corroboration is sufficient.' State v. Miller, 71

Ariz. 140, 146, 224 P.2d 205, 209 (1950)." 91 Ariz. at pp. 78–79, 369 P.2d at p. 921.

The evidence in this case was sufficient to corroborate the testimony of the accomplice and support the verdict.

"Denial of a Motion for a New Trial will not be grounds for reversal unless it affirmatively appears that the court abused its discretion, and acted arbitrarily." State v. Mason, 105 Ariz. 466, 468, 466 P.2d 760, 762 (1970); State v. Turner, 104 Ariz. 469, 455 P.2d 443 (1969); State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965). We are convinced that the trial court did not abuse its discretion or act arbitrarily in denying appellant's motion for a new trial.

■ Appellant next argues that the lower court erred in denying his motion for a directed verdict on the grounds the evidence was insufficient to show the requisite criminal intent of appellant for armed robbery.

"This court, on review of a lower court's denial of a motion for directed verdict, will view the facts in a light most strongly in favor of upholding the verdict of the jury. State v. Manis, 95 Ariz. 27, 386 P.2d 77. A motion for directed verdict does not question the competency of evidence, rather its sufficiency. State v. Holliday, 92 Ariz. 168, 375 P.2d 370. There is no duty on the trial court to grant such a motion where there is substantial evidence the defendant is guilty of the crime charged. State v. Silvas, 91 Ariz. 386, 372 P.2d 718, cert. denied, 371 U.S. 970, 83 S.Ct. 552, 9 L. Ed.2d 539. There is sufficient evidence to submit a case to a jury where facts are disclosed from which the jury may legitimately reach either of two verdicts, and where there is substantial evidence that the defendant committed the crime charged. State v. Holliday, supra." State v. Turner, 101 Ariz. 85 at p. 89, 416 P.2d 409 at p. 412 (1966).

In the instant case. the jury could have properly reached the conclusion that the appellant voluntarily procured information about the Hideout as part of a total

scheme designed to accomplish the robbery. Therefore, the trial court did not err in denying the motion for a directed verdict.

■ Appellant further contends that his Fifth Amendment rights were infringed upon when the trial court, at the request of a codefendant but over appellant's objection, instructed the jury as to a defendant's right not to testify in his own behalf. With this position we cannot agree.

The principle enunciated in State v. McAlvain, 104 Ariz. 445, 454 P.2d 987 (1969) is determinative of the issue. In McAlvain we said: "It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request." 104 Ariz. 445, 454 P.2d 987.

Appellant's final contention is that the trial court erred in instructing the jury that it must accept the testimony given by the accomplice. On a fair reading of the instruction now objected to it can at best be called ambiguous in its terms but such language was never objected to in the court below.

In view of the fact that at the trial appellant's counsel failed to raise an appropriate objection to the instruction, it will not be considered on appeal. State v. Hudgens, 102 Ariz. 1, 423 P.2d 90; State v. Cumbo, 96 Ariz. 385, 396 P.2d 11.

The judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.