UNITED STATES of America,
Plaintiff-Appellee,
v.
Joseph Anthony PEREZ, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,
v.
Walter Oglesby JONES, Defendant-
Appellant.

Nos. 71–1634, 71–1642.

United States Court of Appeals,
Sixth Circuit.

Feb. 28, 1972.

W. Thomas Bunch, Lexington, Ky. (Court appointed), on brief for defendants-appellants.

Eldon L. Webb, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

KENT, Circuit Judge.

These cases present identical facts and identical issues. Each of the defendants (the parties will be referred to as in the court below) appeals from a conviction for escaping from the National Institute of Mental Health, Clinical Research Center, at Lexington, in the Eastern District of Kentucky. The defendants had been inmates of the Federal Penitentiary at Leavenworth, Kansas. While still serving valid sentences they volunteered to assist in research in narcotics and by order of the Attorney General of the United States were transferred to the National Institute of Mental Health, Clinical Research Center, at Lexington, Kentucky. At the time of transfer neither defendant was a narcotic addict. While at the Institute at Lexington the defendants escaped and were subsequently apprehended. They were indicted in separate indictments each of which charged that the named defendant "unlawfully escaped from the National Institute of Mental Health, Clinical Research Center, at which addicts are treated and cared for, to which he was properly committed and where he was *legally confined by authority of the Attorney General of the United States.*" (Emphasis added). The caption of each indictment made reference to Title 42 U.S.C. § 261(b):

"(b) It shall be unlawful for any person *properly committed thereto* to escape or attempt to escape from a hospital of the Service at which addicts are treated and cared for, and any such person upon apprehension and conviction in a United States court shall be punished by imprisonment for not more than five years, such sentence to begin upon the expiration of the sentence for which such

person was originally confined." (Emphasis added).

The defendants were tried separately and in each case the defendant moved for dismissal at the close of the Government's case and at the close of all the proofs, each claiming that he had been indicted under the wrong statute. It was the theory of defense counsel that because the defendants were not addicted to narcotics they could not be "properly committed" to the institution in question, and, therefore, were not subject to prosecution under Title 42 U.S.C. § 261(b), but should have been charged under Title 18 U.S.C. § 751(a):

"§ 751. *Prisoners in custody of institution or officer*

(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

In each case the motion to dismiss was overruled and each defendant was convicted and sentenced. At the time of sentence the trial judge stated, on the record, that a consecutive sentence was required which is true of § 261(b), but is not true of § 751(a).

On appeal the defendants contend that they were indicted, tried and convicted under the wrong statute and that their convictions should be set aside.

A close examination of the provisions of the Public Health Service Act relating to the care, protection and treatment of narcotic addicts, Title 42 U.S.C. § 257 et seq., will readily demonstrate that the provisions of that title are not applicable to these defendants. Title 42 U.S.C. § 257(a):

"(a) The Surgeon General is authorized to provide for the confinement, care, protection, treatment, and discipline of persons addicted to the use of habit-forming narcotic drugs who are civilly committed to treatment or convicted of offenses against the United States and sentenced to treatment under the Narcotic Addict Rehabilitation Act of 1966, addicts who are committed to the custody of the Attorney General pursuant to the provisions of the Federal Youth Corrections Act, addicts who voluntarily submit themselves for treatment, and addicts convicted of offenses against the United States and who are not sentenced to treatment under the Narcotic Addict Rehabilitation Act of 1966, including persons convicted by general courts-martial and consular courts. Such care and treatment shall be provided at hospitals of the Service especially equipped for the accommodation of such patients or elsewhere where authorized under other provisions of law, and shall be designed to rehabilitate such persons, to restore them to health, and, where necessary, to train them to be self-supporting and self-reliant; but nothing in this section or in this part shall be construed to limit the authority of the Surgeon General under other provisions of law to provide for the conditional release of patients and for aftercare under supervision.

Title 42 U.S.C. § 259(a):

(a) The authority vested with the power to designate the place of confinement of a prisoner shall transfer to hospitals of the Service especially

equipped for the accommodation of addicts, if accommodations are available, all addicts who have been or are hereafter sentenced to confinement, or who are now or shall hereafter be confined, in any penal, correctional, disciplinary, or reformatory institution of the United States, including those addicts convicted of offenses against the United States who are confined in State and Territorial prisons, penitentiaries, and reformatories, except that no addict shall be transferred to a hospital of the Service who, in the opinion of the officer authorized to direct the transfer, is not a proper subject for confinement in such an institution either because of the nature of the crime he has committed or because of his apparent incorrigibility. The authority vested with the power to designate the place of confinement of a prisoner shall transfer from a hospital of the Service to the institution from which he was received, or to such other institution as may be designated by the proper authority, any addict whose presence at a hospital of the Service is detrimental to the well-being of the hospital or who does not continue to be a narcotic addict. All transfers of such prisoners to or from a hospital of the Service shall be accompanied by necessary attendants as directed by the officer in charge of such hospital and the actual and necessary expenses incident to such transfers shall be paid from the appropriation for the maintenance of such Service hospital except to the extent that other Federal agencies are authorized or required by law to pay expenses incident to such transfers. When sentence is pronounced against any person whom the prosecuting officer believes to be an addict, such officer shall report to the authority vested with the power to designate the place of confinement, the name of such person, the reasons for his belief, all pertinent facts bearing on such addiction, and the nature of the offense committed.

Thus it appears that the provisions of the Public Health Service Act, dealing with narcotic addicts, 42 U.S.C. § 257 et seq. are inapplicable to persons convicted of crime *who are not addicted to narcotics*. It is clear, therefore, that these defendants could not be indicted, tried and convicted under the provisions of § 261(b). However, the Attorney General of the United States, under Title 18 U.S.C. § 4082(a) and (b):

"(a) A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

(b) The Attorney General may designate as a place of confinement any available, suitable, and appropriate institution or facility, whether maintained by the Federal Government or otherwise, and whether within or without the judicial district in which the person was convicted, and may at any time transfer a person from one place of confinement to another."

had authority to provide for the confinement of the defendants at the institution in question within his discretion. United States v. Herb, 436 F.2d 566 (6th Cir., 1971); Lawrence v. Willingham, 373 F.2d 731 (10th Cir., 1967); Holland v. Ciccone, 386 F.2d 825 (8th Cir., 1967). Although the defendants were not addicts, since they volunteered to assist in clinical research with narcotics it does not appear that the Attorney General abused his discretion in ordering them to be confined at Lexington.

It appears without question that the defendants were in the custody of the Attorney General at the time of escape. United States v. Piscitello, 231 F.2d 443 (2nd Cir., 1956), cert. den., 352 U.S. 857, 77 S.Ct. 89, 1 L.Ed.2d 68 (1956). Therefore, the proper statute to be utilized in connection with the prosecution of the defendants was 18 U.S.C. § 751(a). This is not to say that the con-

viction must be reversed and the indictments dismissed.

 Rule 7(c) F.R.Crim.P. requires that an indictment shall be a written statement of the essential *facts* constituting the offense charged. The Rule further requires that there shall be a citation of the statute alleged to have been violated. Rule 7(c), however, also provides: "error in the citation or its omission shall not be ground for dismissal of the indictment \* \* \* or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

As this Court has stated in Pettway v. United States, 216 F.2d 106, 108 (6th Cir., 1954):

> "It is well settled that if the indictment charges acts illegal under an existing federal statute it is not invalidated for failure to refer to the statute or for specifying the wrong statute. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; Biskind v. United States, 6 Cir., 281 F. 47, certiorari denied 260 U.S. 731, 43 S.Ct. 93, 67 L.Ed. 486; United States v. Kolodny, 2 Cir., 149 F.2d 210."

We must, therefore, conclude that since the indictments charged the defendants with escaping from an institution where they were legally confined "by authority of the Attorney General of the United States," the mere fact of the citation of the improper statute does not void the conviction where the facts alleged in the indictment sufficiently charged acts illegal under Title 18 U.S.C. § 751(a). There is no claim that the defendants were misled as to the nature of the offense charged. The convictions are affirmed.

 At the time of sentencing the District Judge concluded that he was required to impose sentences for the escape convictions consecutive to the sentences which the defendants were then serving. We do not suggest that the District Judge did not have authority to impose such sentences, but under § 751 consecutive sentences are not required as are sentences under § 261(b). We, therefore, vacate the sentences and remand the cases to the District Court for resentencing in the exercise of a sound judicial discretion. United States v. Denton, 336 F.2d 785 (6th Cir., 1964).