617 P.2d 541

**The STATE of Arizona, Appellee,**

v.

**Frank Marquez VILLARREAL, Appellant.**

**No. 2 CA–CR 1959.**

Court of Appeals of Arizona, Division 2.

July 30, 1980.

Rehearing Denied Sept. 5, 1980.

Review Denied Sept. 23, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Peter Axelrod, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of three counts of sexual assault, was sentenced by the trial court to concurrent prison terms of ten and one–half years.

He contends that the trial court erred in denying his motion for mistrial and committed reversible error due to comments made during the state's closing argument. We affirm.

The record indicates the following. Officer Feerick of the Tucson Police Department was looking for a suspect in a rape case. He observed appellant in his automobile at an apartment complex and noted that both fit the description he had been given. Appellant drove into the parking area of the complex, exited from his vehicle and started to walk away from it. Officer Feerick then drove into the parking lot, stopped his vehicle and asked appellant to come to the police car. After talking to appellant, Officer Feerick accompanied him to his automobile at which point appellant produced identification. Officer Feerick returned to his police car and called for a backup unit. While waiting for the backup unit, he wrote a field interrogation report and told appellant that he fit the description of a suspect in a rape case.

When Detective Coleman of the Tucson Police Department arrived, appellant was asked and voluntarily agreed to go to the police station to be photographed and fingerprinted. Detective Coleman gave appellant instructions on how to get to the police station and told him that he would meet him there. Coleman lost sight of appellant's vehicle within the first three blocks but appellant arrived at the station soon after Coleman's arrival. He was subsequently photographed and fingerprinted.

At trial, the prosecutor asked Feerick whether appellant had denied or protested against Feerick's comment concerning appellant's likeness to the suspect rapist. Officer Feerick replied that he did not. The trial court, sua sponte, struck the question and answer and instructed the jury to disregard it. Appellant moved for a mistrial but the motion was denied. After the state rested its case, appellant proceeded in propria persona and testified on his own behalf. He denied ever having seen the victim.

■ Appellant's "admission by silence" was not admissible in the state's case–in–chief because it was made to a police officer. *State v. McAlvain*, 104 Ariz. 445, 454 P.2d 987 (App.1969). However, it is admissible for impeachment purposes because the evidence discloses he was not under arrest at the time it was made. *Jenkins v. Anderson*, —— U.S. ——, 100 S.Ct. 2124, 65 L.Ed.2d 86, 1980. The state should not have elicited this testimony when it did, but it could have done so after appellant had testified. Therefore, any error is harmless.

■ During final argument the following occurred:

"MR. VILLARREAL: Your Honor, I'm going to have to object, that is improper argument.

MR. CHEADLE: I believe that it is proper, Your Honor.

THE COURT: Mr. Cheadle, you know, you have been here, you have great experience. You go ahead and make your argument any way that you feel is proper."

Appellant contends that the comment of the court shows that it violated its rule of partiality and the effect was to favor the prosecutor. We do not agree. Rather than siding with the prosecutor, we interpret the statement as a warning to the prosecutor that because he was experienced he was obliged to take care in making his argument to the jury. Furthermore, the trial court subsequently sustained defense objections to other portions of the state's argument.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.