### GOULD v. UNITED STATES.

#### No. 3825.

United States Court of Appeals
Tenth Circuit.

March 11, 1949.

Dudley W. Strickland, Jr., of Denver, Colo., for appellant.

Malcolm Miller, Asst. U. S. Atty., of Lawrence, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and SAVAGE, District Judge.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to correct a judgment and sentence. On May 20, 1938, an indictment was returned against Gould in the United States District Court for the District of Kansas. It charged that, on April 16, 1937, at the Shawnee County jail, Topeka, Kansas, Gould "then and there being properly committed to the custody of an authorized representative of the Attorney General, towit, Lon Warner, United

States Marshal for the District of Kansas, and by said Marshal properly confined in said jail * * * did, while so confined, then and there unlawfully, wilfully, knowingly, and feloniously escape and flee from said jail and from the custody of said Marshal." Gould entered a plea of guilty to the indictment and, on October 10, 1938, was sentenced to imprisonment for a term of three years to begin with the expiration of sentences he was then serving in the United States Penitentiary at Leavenworth, Kansas, and to run consecutively thereto.

The Federal Escape Act, 18 U.S.C.A. § 753h [now § 751] provides:

"Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution * * * who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. If the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense * * * shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years * * and if the custody or confinement is by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, the offense * * * shall constitute a misdemeanor and any person convicted thereof shall be punished by imprisonment for not more than one year. * * *"

28 U.S.C.A. § 2255 provides that a prisoner in custody under sentence of a court of the United States may, at any time, move the court which imposed the sentence to vacate, set aside, or correct such sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that such sentence was in excess of the maximum authorized by law or otherwise subject to collateral attack.

Webster's New International Dictionary, Second Edition, defines felonious as "of the nature of a legal felony" and "having the quality of felony." It was so defined in People v. Thomas, 58 Cal.App. 308, 208 P. 343, 344. In Gatewood v. Commonwealth, 215 Ky. 728, 285 S.W. 193, 194, the court said, "the word 'felonious' means and includes all the word 'willfully' imports, and in addition other elements of crime which constitute felony." At common law, felonious was a technical word essential to every indictment for a felony. See Bouvier's Law Dictionary, Rawle's Third Revision, p. 1201.

The test is whether the indictment, by any reasonable construction, can be said to charge an escape under circumstances which would constitute it a felony.[1]

While the indictment undoubtedly would have been subject to challenge by motion to quash, we think, where, as here, the challenge is analogous to a collateral attack, it was sufficient to support the sentence. The words "did * * * feloniously escape" may be reasonably construed to mean an escape having the quality of a felony, that is, an escape under circumstances that would constitute it a felony. The Fourth Circuit so resolved the identical question in Lucas v. United States, 4 Cir., 158 F.2d 865.

Affirmed.

---

[1] Lucas v. United States, 4 Cir., 158 F.2d 865, 867; Pifer v. United States, 4 Cir., 158 F.2d 867, 868; Muench v. United States, 8 Cir., 96 F.2d 332, 335.