**UNITED STATES of America**

**v.**

**Gregory T. McBRIDE, Appellant.**

**No. 72–1394.**

United States Court of Appeals,
District of Columbia Circuit.

May 7, 1974.

---

684

Laurence Gold, Washington, D. C. (appointed by this court), was on the brief for appellant.

Harold H. Titus, Jr., U.S. Atty. at the time the brief was filed, John A. Terry, Charles H. Roistacher and Regina C. McGranery, Asst. U.S. Attys., were on the brief for appellee.

Before HASTIE, * United States Senior Circuit Judge for the Third Circuit, and WRIGHT and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

The appellant phrases the only question on appeal:

Whether the indictment in this case, which did not specify that the escape charged was from "custody or confinement . . . by virtue of an arrest on a charge of felony [,] *or conviction of any offense*," alleged with sufficient particularity the felony of-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

fense of escape from federal custody set out in 18 U.S.C. § 751(a), or whether the indictment was sufficient only to charge a misdemeanor violation of that provision.[1]

The appellant pled guilty and received a sentence of 18–54 months, which can only be supported by an indictment charging a felony. We find the sentence valid.

■ Central to understanding the impact of the statute on the defendant is to know that when appellant escaped, he was confined as a result of his *conviction* for attempted unauthorized use of a motor vehicle, a fact well known to appellant. Section 751(a) provides that if an escapee's "custody or confinement is by virtue of an arrest on a charge of felony, or *conviction of any offense,* [he shall] be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."[2] Since appellant was confined by virtue of a *conviction* at the time of his escape, he was liable for a penalty of up to five years' imprisonment under the statute. Thus, the trial court's sentence was lawful.

The indictment of appellant for escape is rather artlessly drawn. It states that appellant violated 18 U.S.C. § 751(a) by "feloniously" escaping from the custody of the Attorney General on 9 December 1970. Appellant contends that since the indictment fails to allege that appellant's confinement was by virtue of "an arrest on a charge of felony, or conviction of any offense," the indictment can state at most a misdemeanor. Since the indictment does not specify that appellant's confinement was "for extradition or by virtue of an arrest or charge of or for a misdemeanor," which is the nature of custody that gives rise to a misdemeanor charge under the statute, the indictment states a misdemeanor charge no more completely than it states a felony.[3]

■■ The issue, therefore, is whether the indictment is sufficient to state any offense. Two criteria for measuring the sufficiency of an indictment were set out in Russell v. United States:

. . . first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,' " and, secondly, " ' in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former 'acquittal or conviction.' [Citations omitted.]" [4]

As to the first criterion:

(1) Arguably, appellant's indictment fails to state all the elements of his offense, since it omits the nature of the custody from which he escaped. However, the nature of appellant's custody is

---

1. Brief for Appellant at 1 (emphasis supplied).

2. 18 U.S.C. § 751(a) (1970) (emphasis supplied).

3. Similarly phrased indictments were reviewed in Lucas v. United States, 158 F.2d 865 (4th Cir. 1946), cert. denied, 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287 (1947), and Gould v. United States, 173 F.2d 30 (10th Cir.), cert. denied, 337 U.S. 945, 69 S.Ct. 1501, 93 L.Ed. 1748 (1949), but we find those cases inconclusive here. Lucas sought to have his sentence vacated two years after its imposition, and Gould sought post-conviction relief under 28 U.S.C. § 2255. The court in each case applied the following standard: "The test is whether the indictment, by any reasonable construction, can be said to charge an escape under circumstances which would constitute it a felony."

173 F.2d at 31. Under this standard, indictments charging that the defendants "feloniously" escaped from custody were found sufficient. *Lucas,* however, added: "If the question of the sufficiency of the indictment had been raised upon the trial by demurrer, motion to quash or motion for bill of particulars and *had been presented by appeal from the judgment,* a new trial would doubtless have been granted for error in the proceedings." 158 F.2d at 867 (emphasis supplied). While this statement is dictum, it makes clear that *Lucas* and *Gould* are not directly applicable to the case at bar, in which the appellant is challenging the sufficiency of his indictment by appeal from his judgment of conviction.

4. 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962).

not an "element" of appellant's offense in the sense that it is an integral part of his *mens rea* or *actus reus*. Rather, it is a circumstance in which he committed his offense.

(2) Appellant does not argue that the failure of the indictment to describe the nature of his custody prejudiced him in the preparation of his defense. Indeed, the court can take judicial notice of the public records that demonstrate that appellant was confined for a misdemeanor *conviction* when he escaped. Therefore, he could not have defended against the charge of felonious escape by proving that he was in custody on some other basis.

(3) Finally, it should be noted that appellant did not enter his guilty plea under a misapprehension about the charge against him. Before the court accepted appellant's guilty plea, the prosecutor described all the facts that formed the basis of the Government's charge, including the fact that appellant was confined by virtue of his conviction for attempted unauthorized use of a motor vehicle.[5] Furthermore, appellant explicitly acknowledged that he could be sentenced to up to five years' imprisonment for the offense charged.[6] Thus, whatever the shortcomings of the indictment, it is clear from the record that appellant was on notice concerning the exact nature of the offense to which he pleaded guilty.

The second criterion of a sufficient indictment under *Russell* is that it must state the offense in a manner that precludes the defendant from suffering double jeopardy. Appellant's indictment meets this criterion. It is clear that appellant pleaded guilty to escaping from the custody of the Attorney General on 9 December 1970. This forecloses further prosecution of appellant under 18 U.S.C. § 751(a) on the basis of appellant's 9 December 1970 activities. Any doubt may be overcome by reference to the record previously cited, in which the details of appellant's confinement and escape are set out.

Supporting the conclusion reached herein is United States v. Perez,[7] in which the indictments for felonious escape not only failed to specify the reason for appellants' confinement, but also charged the appellants under the wrong statute. Nevertheless, the Sixth Circuit held that the indictments were sufficient to charge the appellants with a felony and to support a conviction under 18 U.S.C. § 751(a).

Given the lack of complete clarity in detail in appellant's indictment, it can be urged that the Government failed to introduce sufficient evidence before the grand jury to obtain a felony indictment and that the grand jury did not intend to return such an indictment. This possibility gives rise to the argument that appellant was denied his Fifth Amendment right to be indicted for the felony of which he was convicted. Under this approach, the prosecution's in-court description of the details of appellant's confinement and escape was an attempt "to usurp the functions of the grand jury by supplying an essential element of the crime."[8] The possibility that the grand jury did not indict appellant for the *felony* of escaping from custody might justify remanding the case for reindictment.

However, there is little danger that refusing to remand would prejudice the appellant. It is nearly certain that he would be indicted for the felony of escape.[9] The first grand jury found

5. Transcript of Proceedings of 7 June 1971 at 5.

6. *Id.* at 4.

7. 457 F.2d 555 (6th Cir. 1972).

8. United States v. Thomas, 144 U.S.App.D.C. 44, 48, 444 F.2d 919, 923 (1971).

9. Appellant places reliance on United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971), in which the court reversed the appellant's conviction for burglary on the ground that the indictment failed to state the particular offense the appellant intended to commit upon entry into the dwelling. However, the court found that the indictment was sufficient to charge the lesser in-

probable cause to believe that appellant escaped from the custody of the Attorney General. A subsequent grand jury would undoubtedly make it explicit that appellant's custody was by virtue of a conviction. Furthermore, quashing the first indictment would wipe out the guilty plea the appellant knowingly and intelligently entered and permit him to stand trial. In a case involving the similar problem of a variance between the indictment and the prosecutor's proof at trial, Judge Leventhal for this court stated:

> In every case of variance it can be argued that the grand jury that returned the indictment as is might not have been willing to return the indictment with the variance. This possibility can never be conclusively eliminated as a matter of abstract logic. Whether there is a reasonable possibility of prejudice, however, should be determined with some reference to the real world of juries and grand juries, and the realm of common sense which must guide the administration of the criminal law and rules of criminal procedure.[10]

Reality, practicality, and common sense suggest that the possibility that the grand jury in this case did not indict appellant for a felony should not be given significant weight and that appellant's conviction on his guilty plea to the felony of escape be

Affirmed.

WRIGHT, Circuit Judge, concurring:

In the District Court appellant raised the issue which is the basis of this appeal by motion in arrest of judgment.

In my view the indictment sufficiently charges all elements of the offense for which appellant was sentenced to survive this post-conviction remedy. *Compare* Gould v. United States, 10 Cir., 173 F.2d 30, *cert. denied,* 337 U.S. 945, 69 S.Ct. 1501, 93 L.Ed. 1748 (1949); Lucas v. United States, 4 Cir., 158 F.2d 865 (1946), *cert. denied,* 330 U.S. 841, 67 S. Ct. 977, 91 L.Ed. 1287 (1947).

cluded offense of unlawful entry. On its facts, *Thomas* supplies little support for McBride's contention that his indictment is insufficient to charge the felony of escape. Furthermore, appellant would have us find that the indictment, perhaps supplemented by the prosecutor's in-court description of appellant's offense, note 5 *supra* and accompanying text, adequately states the misdemeanor of escape and remand for resentencing on that lesser charge under *Thomas.* However, in *Thomas* the court's remand ex-

plicitly gave the Government the option of seeking reindictment on the burglary charge. 144 U.S.App.D.C. at 52, 444 F.2d at 927. Thus, even if we were to follow the *Thomas* decision to the letter, the Government would be able to seek, and almost surely obtain, reindictment of appellant for felonious escape.

10. Jackson v. United States, 123 U.S.App.D. C. 276, 280, 359 F.2d 260, 264 (1966).