**UNITED STATES of America**

v.

**Walter C. POWELL, Appellant.**

**No. 73-2098.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 23, 1974.

Decided Sept. 16, 1974.

Andrew T. A. MacDonald, Washington, D.C. (appointed by this Court), for appellant.

Donald E. Robinson, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Barry W. Levine, Asst. U. S. Attys., were on the brief, for appellee.

Before ROBINSON and ROBB, Circuit Judges and WEIGEL,* District Judge for the District of Northern California.

PER CURIAM:

The appellant Powell was tried and convicted on an indictment alleging that in violation of 18 U.S.C. § 751(a) he escaped from Saint Elizabeths Hospital where he had been lawfully committed to custody by order of court. The case was tried to the court without a jury on stipulated facts. The facts were:

1. In 1970 Powell was tried in the District Court on felony charges and found not guilty by reason of insanity.

2. Following his acquittal and after a hearing to determine his mental condition at that time he was committed to Saint Elizabeths, a hospital for the mentally ill, pursuant to 24 D.C.Code § 301(d). *See* Bolton v. Harris, 130 U.S. App.D.C. 1, 395 F.2d 642 (1968).

3. On November 21, 1972 he escaped from Saint Elizabeths.

The District Court found Powell guilty and sentenced him to imprisonment for a term of twenty months to five years. The only question presented by this appeal is whether an escape from Saint Elizabeths Hospital in the circumstances of this case constitutes an escape within the meaning of the Federal Escape Act, 18 U.S.C. § 751(a). The part of that section pertinent to the appellant's case provides:

(a) Whoever escapes . . . from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the cus-

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

tody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . .

The appellant contends that his escape did not violate the Act. We are constrained to agree:

■ As we read the statute Powell could be convicted and sentenced for escape only if he was in custody "by virtue of an arrest on a charge of felony, or conviction of any offense". His acquittal by reason of insanity was not a "conviction". *See* Cameron v. Mullen, 128 U.S.App.D.C. 235, 387 F.2d 193 (1967). The government argues however that he was in custody by virtue of his original arrest on the felony charge. We are not persuaded by this argument.

■ We think the arrest of the appellant on the felony charge was terminated and the arrest lost its legal vitality when he was acquitted by reason of insanity. Thereafter his custody was pursuant to the provisions of 24 D.C.Code § 301(d). This interpretation of the statute is confirmed by the legislative history of 18 U.S.C. § 751(a) and its predecessor, 18 U.S.C. § 753h as amended by Pub.L. No. 74–233, 74th Cong., 1st Sess., Aug. 3, 1935. The 1935 amendment broadened the statute to cover an escape from custody "by virtue of an arrest". The report of the House Committee on the Judiciary and subsequent discussion on the floor of the House make it clear that the purpose of this amendment was simply to make escape from custody before trial and conviction a criminal offense. *See* H.R.Rep.No.803, 74th Cong., 1st Sess., pp. 1–2 (1935); 79 Cong.Rec. 8573. There is no indication that Congress intended the phrase "by virtue of an arrest" to mean that a defendant would remain under arrest and subject to prosecution for escape after he was acquitted.

If any doubt about this construction of the escape statute remains it is dispelled by 24 D.C.Code §§ 301(h) and (i). Section 24–301(i) provides:

When a person has been ordered confined in a hospital for the mentally ill pursuant to this section and has escaped from such hospital, the court which ordered confinement shall, upon request of the Government, order the return of the escaped person to such hospital.

Section 24–301(h) provides:

The provisions of this section shall supersede in the District of Columbia the provisions of any Federal statutes or parts thereof inconsistent with this section.

Obviously Congress recognized that if a man is insane and by definition not responsible for his acts he should not be subject to criminal prosecution for leaving the mental hospital where he is confined. Thus, the escape statute applicable to Powell was 24 D.C.Code § 301(i), and not 18 U.S.C. § 751(a).

The judgment is reversed with directions to dismiss the indictment.

It is so ordered.