**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald G. RICHARDSON,**
**Defendant-Appellant.**

No. 81–1707.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1982.

Decided Aug. 23, 1982.

---

Jeffrey Blumenthal, Chicago, Ill., for defendant-appellant.

Robert L. Simpkins, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before SPRECHER,* Circuit Judge, CUDAHY, Circuit Judge, and DOYLE,** Senior District Judge.

JAMES E. DOYLE, Senior District Judge.

Defendant Richardson appeals from a judgment of conviction and a sentence to imprisonment for one year, entered upon a verdict of guilty following a jury trial which commenced April 6, 1981. He contends: (1) the government failed to offer evidence as to an essential element of the offense and the district court erred in denying defendant's motions for a judgment of acquittal; (2) the district court failed to instruct the jury concerning the same essential element; (3) the delay in bringing the case to trial violated defendant's rights

---

* Circuit Judge Robert A. Sprecher read the briefs, heard oral argument, participated in the conference, and voted tentatively to reverse. However, he died without reviewing this opinion.

** James E. Doyle, United States Senior District Judge for the Western District of Wisconsin, is sitting by designation.

under the fifth and sixth amendments; and (4) defendant was prejudiced by the district court's refusal to arrange for the presence of a certain incarcerated witness. We reverse the conviction.

## I.

In a single-count indictment returned January 21, 1981, the grand jury charged:

On or about the 10th day of June, 1979, in Williamson County, within the Southern District of Illinois, at the United States Penitentiary, Marion, Illinois, DONALD A. MORGAN and DONALD G. RICHARDSON, each being held in lawful custody at the United States Penitentiary at Marion, Illinois, where they were confined by direction of the Attorney General, pursuant to commitments issued under the laws of the United States, did willfully and unlawfully attempt to escape from such custody; all in violation of Title 18, United States Code, Section 751(a).[1]

Defendant Richardson has chosen to appeal, not on the ground that the indictment fails to cover an essential element of the offense, but rather on the grounds that the evidence and the district court's instructions to the jury failed to reach that missing element. Under Rule 12(b), F.R.Crim.P., the failure of an indictment to state an offense shall be noticed at any time. It is appropriate for us to address the indictment's sufficiency before examining the adequacy of the evidence and the instructions.

### A. Sufficiency of indictment

We consider preliminarily the opening portion of § 751(a):

Whoever escapes or attempts to escape [1] from the custody of the Attorney General or his authorized representative, or [2] from any institution or facility in which he is confined by direction of the Attorney General, or [3] from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or [4] from the custody of an officer or employee of the United States pursuant to lawful arrest....

In its brief on appeal, the government seems to suggest that the indictment proceeds on categories [2] and [3], and in oral argument, that it proceeds on [2]. When an indictment proceeds on category [2], it is an essential element of the offense that the confinement be in an institution or facility. Another essential element is that the confinement be by direction of the Attorney General. This indictment clearly alleges the latter. As to the former, it does not allege expressly that the confinement was in an institution or a facility and then specify the particular institution or facility. However, the words "United States Penitentiary, Marion, Illinois" sufficiently imply the kind of institution or facility referred to in the statute. Therefore, the indictment does sufficiently allege, in the language of § 751(a), that Richardson "attempt[ed] to escape ... from any institution or facility in which he [was] confined by direction of the Attorney General...."[2]

1. Section 751(a) provides:

(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

2. The indictment makes no effort to allege that Richardson's custody fell within category [4]. Category [1] is broader than category [2] and seems to include the whole of category [2]. The institutions and facilities in which confinement is directed by the Attorney General (category [2]) include those, like Marion, operated by the United States Bureau of Prisons. The Attorney General appoints the director, officers and employees of the Bureau, and it is under the direction of the Attorney General that the Bureau manages and regulates the institutions

The indictment's successful reference to category [2] ends the inquiry as to the opening portion of § 751(a). For reasons explained later in this opinion, however, note needs be made of the indictment's abortive and seemingly inexplicable allusion to category [3] of § 751(a). Category [3] reads: "from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate...." The indictment's apparent attempt at paraphrase is: "pursuant to [a commitment][3] issued under the laws of the United States...." Also, note needs be made of the inclusion in the indictment of the words "in lawful custody," which appear nowhere in § 751(a).

The principal difficulty in this case arises from the remaining language of § 751(a):

shall, if the custody or confinement is by virtue of [5] an arrest on a charge of felony, or [6] conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is [7] for extradition or by virtue of [8] an arrest or [9] charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

The indictment does not allege expressly that at the time of the attempted escape, Richardson's custody or confinement fell within category [5], [6], [7], [8], or [9].

█ It is well settled that an indictment is invalid if it fails to allege an essential element of the statutory offense or, as Rule 7(c)(1) puts it, fails to state "the essential facts constituting the offense charged." *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953); *United States v. Horton*, 676 F.2d 1165, 1169 (7th Cir. 1982); *United States v. Purvis*, 580 F.2d 853, 858 (5th Cir. 1978); *reh'g denied*, 585 F.2d 520, *cert. denied*, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979); *United*

*States v. London*, 550 F.2d 206, 211 (5th Cir. 1977); *United States v. Willis*, 515 F.2d 798, 799 (7th Cir. 1975). The question arises whether it is an essential element of the offense defined in § 751(a) that the custody from which escape was attempted fell within category [5], [6], [7], [8], or [9], as well as within category [1], [2], [3], or [4].

The government contends that the jury is to perform fact-finding only as to the opening portion of § 751(a); that is, to determine whether the custody or confinement fell within category [1], [2], [3], or [4], and whether the escape was attempted. Assuming that the jury answers affirmatively, guilt of the offense is established. Solely to determine the sanctions which he or she is then free to impose, the judge is to perform fact-finding, presumably in some supplementary proceeding, to determine whether the custody or confinement fell within category [5], [6], [7], [8], or [9].

### 1. *History and construction of § 751(a)*

It was not until 1930 that Congress enacted criminal legislation on the subject of escape. Pub.L.No.71–218, § 9, 46 Stat. 325, 327 (1930), read:

Any person properly committed to the custody of the Attorney General or his authorized representative or who is confined in any penal or correctional institution, pursuant to the direction of the Attorney General, who escapes or attempts to escape therefrom shall be guilty of an offense and upon apprehension and conviction of any such offense in any United States court shall be punished by imprisonment for not more than five years, such sentence to begin upon the expiration of or upon legal release from the sentence for which said person was originally confined.

It is to be noted that with certain variations in language, the 1930 Act embodied categories [1] and [2] as they now appear in 18 U.S.C. § 751(a), and only [1] and [2].

and facilities. 18 U.S.C. §§ 4041, 4042. Therefore, a person confined in such an institution or facility by direction of the Attorney General (category [2] ) would also be "in the custody of the Attorney General or his authorized representative" (category [1] ).

**3.** The indictment used the plural "commitments," apparently because a second defendant Donald A. Morgan was included.

In 1934, the Attorney General requested Congress to amend the 1930 statute. He expressed the opinion that the 1930 statute (categories [1] and [2]) was applicable only to custody or confinement which followed conviction and urged that it be extended to custody or confinement arising prior to conviction.[4] He submitted a draft bill which was introduced in 1935 as H.R..3430 and would have amended the 1930 statute to read as follows:

> Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense and upon conviction thereof shall be punished by imprisonment of not more than 5 years. The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape.

It is to be noted that with certain variations in language, H.R.3430 as introduced added categories [3] and [4], and only [3] and [4], as they now appear in 18 U.S.C. § 751(a).

As H.R.3430 in original form reveals, the Attorney General was content that imprisonment for not more than 5 years be the sanction for escape or attempted escape, without regard to whether it occurred after conviction or prior to conviction, and without regard to the nature of the underlying offense or charge to which the custody or confinement related. The House Committee on the Judiciary took the view, however, that distinctions of this kind should be drawn. The Committee proposed an amendment by which there would be deleted from the original bill the words: "and upon conviction thereof shall be punished by imprisonment of not more than 5 years." For the deleted words, there would be substituted the following:

> If the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than 5 years or by a fine of not more than $5,000, or both; and if the custody or confinement is by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, the offense of escaping or attempting to escape therefrom shall constitute a misdemeanor and any person convicted thereof shall be punished by imprisonment for not more than 1 year or by a fine of not more than $1,000, or both.

It is to be noted that with certain variations in language, the House Committee amendment thus added categories [5], [6], [8], and [9], as they now appear in 18 U.S.C. § 751(a).

The bill as proposed by the Attorney General, with the amendment proposed by the

---

4. It is not clear why category [1] was thought by the Attorney General to apply only to custody or confinement which followed conviction, unless there was thought to be some uncertainty whether United States Marshals and deputy marshals were "authorized representatives" of the Attorney General, despite the broad powers over the Marshals' Service vested in the Attorney General. See 28 U.S.C. §§ 561(c), 562, 567, 569(c), 571(a). It has been commonplace for many years, of course, that unconvicted defendants are committed to the custody of the Marshals' Service for confinement in an institution or facility, to await trial. Whether category [2] applies only to custody or confinement which follows conviction is a question addressed at length later in this opinion.

House Committee, was enacted[5] as Pub.L. No.74–233, 49 Stat. 513 (1935), which read:

Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. If the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years or by a fine of not more than $5,000, or both; and if the custody or confinement is by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, the offense of escaping or attempting to escape therefrom shall constitute a misdemeanor and any person convicted thereof shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or both. The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape.

The statute, exactly in the form just quoted, was codified in 1940 as 18 U.S.C. § 753h and remained so codified until 1948. *See* 18 U.S.C. § 753h (1946).

The 1948 recodification of the criminal statutes was extensive. Act of June 25, 1948, c. 645, 62 Stat. 683. Among many changes, § 753h became what is now § 751(a).[6] In the course of the recodification of § 753h to § 751 several changes were made, some of no perceptible significance presently,[7] and some pertinent. The pertinent changes were in style and arrangement. Generally, in the 1948 codification of the criminal statutes an effort was made to avoid redundant use of the words "felony" and "misdemeanor" and the unnecessary use of the words "and on conviction thereof" where they preceded "shall be punished." *See* Revisor's Note, H.R.Rep. No.304, 80th Cong., 1st Sess. 1, at A67 (as to new § 751), A18 (as to new § 212), and A47 (as to new § 550). Most references to "felony" and "misdemeanor" were considered redundant because § 1 of Title 18 defined them for the purpose of the entire code.[8] *Id.* Similarly, "since punishment cannot be imposed until a conviction is secured," it is unnecessary for Congress to explain in each section which defines an offense that the defendant will become vulnerable to the sanction only if and when convicted. *Id.* at A18, A47. Prior to the 1948 codification, there was a lack of uniformity in style in this respect. A perusal of the present Title 18 (which is the 1948 codification, with sub-

---

**5.** H.R.Rep.No.803, 74th Cong., 1st Sess. (1935); S.Rep.No.1021, 74th Cong., 1st Sess. (1935); 79th Cong.Rec. 8573 (statements of Reps. Utterback and Zioncheck), 9394, 11982 (1935).

**6.** What had been 18 U.S.C. § 909, reflecting § 9 of Pub.L. 71–270, 46 Stat. 390 (1930), was duplicative of 753h in part and was eliminated with the creation of what is now § 751(a). It is of no relevance here.

**7.** Category [7]—"custody or confinement for extradition"—was added. The final two sentences of § 753h (to the effect that a sentence for the escape or attempted escape must be in addition to and independent of, and run consecutively to, the sentence on the underlying offense) were deleted. The words "or employe" were added.

**8.** In the metamorphosis of § 753h to § 751, the words "felony" and "misdemeanor" were stricken as characterizations of the offense of escape or attempted escape, but the Congressional scheme required their retention with respect to the underlying offense to which the custody or confinement relates.

sequent amendments to specific sections) reveals virtual, if not perfect uniformity in this style:

> Whoever engages in certain described behavior shall be fined or imprisoned, or both.

This is to be contrasted with the earlier style:

> Whoever engages in certain described behavior shall be guilty of an offense, and on conviction thereof shall be fined or imprisoned, or both.

### 2. Our construction of § 751(a)

We consider this change in expressive style critical. When the earlier style reigned, it could have been fairly argued that the proscription was pronounced, the crime defined, and its essential elements declared in the initial clause or sentence:

> Whoever engages in certain described behavior shall be guilty of an offense....

or:

> Whoever engages in certain described behavior shall be guilty of an offense if factual proposition x is also proved....

It could have been fairly argued that once the jury had made the findings called for by the initial clause or sentence, the function of the ensuing clause or sentence was solely directed to the sentencing judge, setting the limit upon the sanctions available to her or him. But with the advent of the new style, the argument lost its force. No proscription can be found in the words:

> Whoever engages in certain described behavior....

or

> Whoever engages in certain described behavior, if factual proposition x is also proved....

The proscription does not emerge until there appear the words:

> shall be fined or imprisoned, or both.

Only with the latter words is the proscription accomplished. When a further condition is injected into the latter words:

> shall, if factual proposition x is also proved, be fined or imprisoned

the proscription itself is so conditioned. That is to say, in the context of a jury trial, factual proposition x becomes an essential element of the offense, the presence or absence of which must be determined by the fact-finder or guilt or innocence, the jury, and not by the sanction-imposer, the judge. A random perusal of Title 18, U.S.C., promptly produces many examples of variations in punishment for a particular crime depending upon factors, the presence or absence of which must be determined by the jury: 18 U.S.C. §§ 81 (arson: dwelling or non-dwelling); 111 (assault: use or non-use of deadly weapon); 1361 (damage to property: damages exceeding or not exceeding $100).

We conclude and hold that the essential elements of an offense proscribed by § 751(a) are:

> that the defendant was in a form of custody or confinement defined in category [1], [2], [3], or [4]; and that the defendant was in a form of custody or confinement defined in category [5], [6], [7], [8], or [9]; and
>
> that the defendant escaped or attempted to escape from such custody or confinement.

We inquire whether this construction of § 751(a) is in conflict with decisions in other circuits. Courts have responded coolly to direct and collateral attacks on convictions under § 751(a). But only two decisions require discussion on the question whether category [5], [6], [7], [8], or [9] is an essential element of the offense proscribed by the statute properly construed: *United States v. McBride*, 498 F.2d 683 (D.C.Cir. 1974); *Theriault v. United States*, 434 F.2d 212 (5th Cir. 1970), *cert. denied*, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971), *reh'g denied*, 404 U.S. 959, 92 S.Ct. 310, 30 L.Ed.2d 282 (1971), *later appealed*, 467 F.2d 486 (5th Cir. 1972), *cert. denied*, 411 U.S. 984, 93 S.Ct. 2280, 36 L.Ed.2d 961.

In *McBride* the defendant pled guilty to an indictment charging him with an escape and was sentenced to imprisonment for 18–54 months. In a motion in arrest of judgment, defendant then undertook to chal-

lenge the sufficiency of the indictment. The court of appeals affirmed the district court's denial of that motion. In the published opinion, the "artlessly drawn" indictment is paraphrased very briefly: "It states that appellant violated 18 U.S.C. § 751(a) by 'feloniously' escaping from the custody of the Attorney General on 9 December 1970." *Id.* at 685. The court of appeals noted that in his brief the defendant had phrased a single question on appeal:

> Whether the indictment in this case, which did not specify that the escape charged was from "custody or confinement ... by virtue of an arrest on a charge of felony[,] *or conviction of any offense,*" alleged with sufficient particularity the felony offense of escape from federal custody set out in 18 U.S.C. § 751(a), or whether the indictment was sufficient only to charge a misdemeanor violation of that provision.

(The emphasis in the quotation was supplied by the court of appeals.) *Id.* It appears from the opinion that there was also absent from the indictment any allegation that the custody or confinement was for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction. The court observed that "the indictment states a misdemeanor charge no more completely than it states a felony." [9] *Id.* The court then framed the question as whether the indictment was sufficient to state any offense.

Citing *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962), the court described two criteria for testing the sufficiency of an indictment: (1) whether it contains the elements of the offense intended to be charged and sufficiently appraises the defendant of what she or he must be prepared to meet; and (2) whether the record shows with accuracy to what extent the defendant may plead an acquittal or conviction as a bar to any later proceeding. As to these criteria, the *McBride* court made the following point, among others:

> Arguably, appellant's indictment fails to state all the elements of his offense, since it omits the nature of the custody from which he escaped. However, the nature of appellant's custody is not an "element" of appellant's offense in the sense that it is an integral part of his *mens rea* or *actus reus.* Rather, it is a circumstance in which he committed his offense.

*Id.* at 685–686. There is ambiguity in this statement. The court may have meant that nothing about the nature of the defendant's custody is an essential element of the offense of escape or attempted escape. Or the court may have meant simply that in the circumstances of the *McBride* case, the nature of the confinement is an essential element but that kind of an essential element, the omission of which from the indictment did not leave the defendant insufficiently apprised of what he was required to meet and did not leave him unshielded from subsequent prosecution for the same offense. Although the answer is not free from doubt, for two reasons we conclude that the *McBride* court intended the latter.

First, it is unlikely the court meant to say that § 751(a) makes criminal an escape even in the absence of a jury determination that the custody falls within any one of the nine categories of custody or confinement described within it. This would be comparable to saying that in a prosecution under 18 U.S.C.App. § 1202(a)(1), prohibiting possession of a firearm by a person who has been convicted of a felony, it would be unnecessary for a jury to determine that there had been an earlier conviction of a felony; or, in a prosecution under 18 U.S.C. § 2113 for robbery of a federally insured bank, it would be unnecessary for the jury to determine that the bank was federally insured. Yet this is the literal effect of the court's statement that "the nature of appellant's custody is not an 'element' of appellant's offense...." Second, because defendant in *McBride* had pled guilty, there was no occasion to differentiate between fact-finding by the jury and fact-finding by the judge. The further points made by the

---

**9.** *See infra* text accompanying note 16.

court in *McBride* with respect to the *Russell* criteria were that public records show that in fact defendant's custody was for a conviction so he could not have shown that it was not for a conviction; that before the court accepted the guilty plea, the prosecutor made a statement that the custody was for conviction of attempted unauthorized use of a motor vehicle; that defendant had explicitly acknowledged that he could be sentenced up to five years for the escape; and that the allegation of an escape on a specific day precluded a subsequent prosecution for an escape on that day. *Id.* at 686. In adducing these reasons, the court implies that it was necessary that when entering his guilty plea, defendant be aware, as he was, that in the absence of a guilty plea, the government would have been required to prove that his custody was by virtue of his conviction of an offense.[10]

We conclude that our construction of § 751(a) does not create a conflict with the decision of the Court of Appeals for the District of Columbia in *McBride.*

In *Theriault, supra,* defendant appealed from a conviction, following trial, and from a sentence to three years' imprisonment, on an indictment based on 18 U.S.C. § 751,[11] alleging that he had escaped from the custody of a United States Marshal "which custody was under and by virtue of process issued under the laws of the United States by the United States Commissioner for the Northern Division of the Southern District of Alabama, wherein the said [defendant] was arrested on a charge of felony...." *Id.* at 213, n.2. The evidence at trial was clear that the "felony" charge on which defendant had been arrested was theft of "31 United States Postal Money Orders, things of value of the United States" in violation of 18 U.S.C. § 641, with no allega-

tion in the committing papers concerning the value of the money orders. *Id.* 214. The court of appeals held that for an offense under § 641 to be a felony, it must be charged and proved that the value of the stolen property exceeds $100. Thus, in the trial on the escape charge, the government had failed to prove that, in the words of category [5] of § 751(a), the custody or confinement had been by virtue of an arrest on a charge of felony. The court of appeals held, however, that acquittal on the escape charge was not required. In a prosecution under § 641, a conviction of a misdemeanor can stand when there is sufficient proof of a theft of a thing of value of the United States even though the indictment may have charged the felony of theft of a thing of the United States of a value exceeding $100 and proof of this higher value may have been lacking. *See* Rule 31(c), F.R. Cr.P. ("Conviction of Less Offense"). That is, under § 641, a theft of a thing of value of the United States must be a felony or a misdemeanor; it cannot be neither. When there is transported into a § 751(a) case an allegation that the custody is by virtue of an arrest on a § 641 charge, it is a necessary inference that the custody is by virtue of an arrest on a charge of felony (category [5] ) or an arrest on a charge of misdemeanor (category [8] ). The court of appeals vacated the sentence and remanded with directions to impose only a sentence permissible under § 751(a) when the custody escaped from is by virtue of an arrest on a charge of misdemeanor.

■ *Theriault* is a holding that when an indictment for escape under § 751(a) charges that the custody is by virtue of arrest on a charge of felony, citing a specific statute which defines a substantive of-

10. Cited in *McBride* as authority for the holding is *United States v. Perez,* 457 F.2d 555 (6th Cir. 1972), in which, says the *McBride* court, indictments were held sufficient although "the indictments for felonious escape not only failed to specify the reason for appellants' confinement, but also charged the appellants under the wrong statute." 498 F.2d at 686. The opinion in *Perez* quotes only a portion of the indictments, so that it cannot be determined whether

reference was made in them to an underlying conviction. 457 F.2d at 556. In any event the only question raised and addressed in *Perez* was that the indictments were mistakenly captioned 42 U.S.C. § 261(b), rather than 18 U.S.C. § 751(a).

11. As a result of an obvious typographical error, the indictment cited § 571; the error was held to be of no consequence.

fense, and the proof is that the arrest was on a charge of misdemeanor under that very substantive statute, a conviction under categories [3] and [8] of § 751(a) may stand, provided the sanction is appropriately limited. Thus, with respect to escape from custody related to those substantive crimes to which the doctrine of a lesser included offense is applicable, *Theriault* is a holding that under § 751(a) ambiguity at the pleading stage is tolerable as between categories [5] and [8]. That holding is consistent, however, with our holding that one cannot be convicted of the offense defined in § 751(a) in the absence of proof that the custody or confinement falls within category [5], [6], [7], [8] or [9].[12]

DEVITT AND BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS (3d ed. 1977 & Supp. 1982) is a valuable and widely used aid in federal jury trials. In volume 2 there appears a set of model instructions on escape from custody (18 U.S.C. § 751(a)). Section 30.01 ("Offense Charged") is a paraphrase of hypothetical alternative forms of indictments, one of which alternatives gives no clue whether the custody falls within category [5], [6], [7], [8], or [9]. Section 30.02 ("Statute Involved") quotes § 751(a) "in pertinent part"; the passage includes categories [1], [2], [3] and [4] and excludes [5], [6], [7], [8] and [9]. Section 30.03 ("Essential Elements") says that the government must prove two essential elements:

*First*, that the defendant willfully escaped (attempted to escape), as charged in the indictment; and

*Second*, that at the time he escaped (attempted to escape) he was (in custody of the Attorney General or his authorized representative) (in custody under judicial process issued under the laws of the United States by a (court, judge, United States Magistrate)), (in custody of an officer or employee of the United States pursuant to a lawful arrest).

Thus it is clear that the construction we now give § 751(a) with respect to categories [5], [6], [7], [8], or [9] differs from that reflected in Devitt and Blackmar. An examination of every authority cited in their annotations leaves us unpersuaded that the omission of category [5], [6], [7], [8], or [9] as an essential element is correct.[13]

---

**12.** In *United States v. McKim*, 509 F.2d 769 (5th Cir. 1975), *reh'g denied*, 517 F.2d 480 (1975), a conviction under § 751(a) was reversed. It rested on an indictment charging escape from custody "pursuant to lawful arrest," *id.* 771, n.2, but the government was estopped from asserting the lawfulness of the arrest because by the time of trial on the escape charge and in a companion case to which the government was a party, it had been judicially determined that the arrest was unlawful. Citing *Theriault*, the *McKim* court speculated that had the arrest been lawful, a sentence of one year or less might have been upheld despite the silence of the indictment and the jury instructions as to the nature of the offense leading to the arrest and custody. The court observed that a trial on the escape charge there had been "only a passing hearsay reference to a felony arrest," and that: "The proof was sufficient to prove, at most, escape from custody on account of a misdemeanor charge." *Id.* at 774. We take the latter statement to mean that the proof was indeed sufficient to support a jury finding that the arrest was for a misdemeanor. Thus, the dictum in *McKim*, resting on *Theriault*, seems to reflect the view that proof of custody in category [5], [6], [7], [8], or [9] is necessary to conviction under § 751(a).

In *United States v. Cluck*, 542 F.2d 728 (8th Cir. 1976), *cert. denied*, 429 U.S. 986, 97 S.Ct.

506, 50 L.Ed.2d 597 (1976), a conviction under § 751(a) on a jury verdict and a sentence of imprisonment for 18 months were upheld on appeal. Defendant contended on appeal that the indictment should have been dismissed. The court of appeals observed, at 731: "The defendant was allegedly in federal custody for the purpose of serving the remainder of a four year sentence imposed on him by the district court in 1973." However, at 735, the escape indictment is summarized as alleging escape "from the custody of the Attorney General or his authorized representative. . . ." The court of appeals observed that the indictment was poorly drawn in several respects including the absence of reference "to the 1973 judgment of the district court." *Id.* Thus, it is not clear from the report what, if anything, was alleged concerning a conviction to which the custody related. Noting that the defendant had not moved for a bill of particulars, the court of appeals held that the indictment was sufficient to advise defendant of the charge and to protect him from a second prosecution.

**13.** The pattern jury instruction under § 751(a), prepared by the Committee on Pattern Jury Instructions, Criminal Cases, District Judges Association, Fifth Circuit, 1978, is similar to Devitt and Blackmar in its omission of catego-

In many reported cases arising under § 751(a) in which the issue has not been directly raised or addressed, courts have proceeded either expressly or implicitly on the basis that custody within category [5], [6], [7], [8] or [9] is an essential element of the offense, just as custody within category [1], [2], [3], or [4] is essential.[14]

### 3. Procedural history of the present case as it bears on challenge to sufficiency of indictment

 Despite the provision in Rule 12(b), Fed.R.Crim.P., that the failure of an indictment to charge an offense is an objection which shall be noticed at anytime during the pendency of the proceedings, courts have been closely attentive to whether the challenge has been raised early enough to avoid major expenditure of court time in possibly inoperative trials, entries of pleas, and appeals. Although the challenge must be responded to on its merits even when first raised after a determination of guilt, the tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them. *See Hagner v. United States*, 285 U.S. 427, 433, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932); *United States v. Willis*, 515 F.2d 798, 799 (7th Cir. 1975); *United States v. Norman*, 391 F.2d 212, 213 (6th Cir. 1968), *cert. denied*, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968); *Gould v. United States*, 173 F.2d 30, 31 (10th Cir. 1946); *Lucas v. United States*, 158 F.2d 865, 867 (4th Cir. 1946), *cert. denied*, 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287 (1947), *reh'g denied*, 331 U.S. 863, 67 S.Ct. 1186, 91 L.Ed. 1869 (1947). As we have noted, defendant Richardson has not chosen on this appeal expressly to challenge the sufficiency of the indictment. However, when the scope of the proof coincides with the scope of the indictment, and an appellant urges that the scope of the proof was too limited, the scope of the indictment is necessarily questioned as well. Rule 12's command has caused us to take the initiative to examine the sufficiency of the indictment. But in doing so, we too are attentive to the procedural history as it bears on this question.

Before trial defendant Richardson did not challenge the sufficiency of the indictment. Rather than to complain of the absence of an allegation that the custody from which he attempted to escape was by virtue of conviction of an offense, he actually moved in limine for an order barring evidence of his prior criminal record. In the written motion, he argued that such evidence would be admissible only if he were to testify at trial and then only for impeachment. It is the government's burden under Rule 609(a), F.R.Evid., he contended, to show that the probative value of such evidence outweighs its prejudicial effect and, absent such a showing, the evidence should be excluded. Five days before trial, defendant stated his willingness to stipulate to the effect that at the time of the alleged offense he was in lawful custody at the United States Penitentiary at Marion, and the court entered a written report of pretrial proceedings which included the following:

> With regard to pending motions, the defendant's Motion in Limine to prevent introduction into evidence defendant's prior criminal record appears to be moot in view of the Government's statement that if the defendant takes the witness stand it does not propose to attempt impeachment by defendant's prior record.

> The Government and the attorney for defendant will meet, prepare a written

---

ries [5], [6], [7], [8] and [9] from the portion of § 751(a) it quotes and from its description of the essential elements of the offense. West Publishing Co. 1979, p. 81.

14. *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *United States v. Payne*, 529 F.2d 1353 (8th Cir. 1976); *United States v. Powell*, 503 F.2d 195 (D.C.Cir.1974); *United States v. Chapman*, 455 F.2d 746 (5th Cir. 1972); *United States v. De Cicco*, 415 F.2d 799 (5th Cir. 1969); *Timms v. United States*,

403 F.2d 879 (5th Cir. 1968); *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967); *Strickland v. United States*, 339 F.2d 866 (10th Cir. 1965); *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958); *Gould v. United States*, 173 F.2d 30 (10th Cir. 1949), *cert. denied* 337 U.S. 945, 69 S.Ct. 1501, 93 L.Ed. 1748 (1949); and *Lucas v. United States*, 158 F.2d 865 (4th Cir. 1946), *cert. denied*, 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287 (1947), *reh'g denied*, 331 U.S. 863, 67 S.Ct. 1186, 91 L.Ed. 1869 (1947).

stipulation with regard to the defendant's lawful custody at the United States Penitentiary at Marion, Illinois, being one of the essential elements of the criminal offense.

In her opening statement to the jury, government counsel stated that there are two elements of the offense charged: first, that defendant "was an inmate in lawful custody at the United States Penitentiary in Marion," and, second, that he willfully attempted to escape. She stated that the evidence would show that defendant "was in fact an inmate in lawful custody at the United States Penitentiary in Marion, Illinois, where he was confined by direction of the Attorney General of the United States pursuant to a commitment issued under the laws of the United States." The first item of evidence presented by the government was the following stipulation signed by defendant and his attorney and read to the jury by the court:

It is hereby agreed to and stipulated by and between the United States of America and the defendant, Donald G. Richardson and his attorney, David E. Booth that on June 10, 1979, Donald G. Richardson was an inmate at the United States Penitentiary in Marion, Illinois where he was held in lawful custody and was confined by the direction of the Attorney General pursuant to commitment issued under the laws of the United States.

Except as the remaining evidence concerning the attempted escape confirmed that defendant was an inmate at Marion, it added nothing that bears on custody categories [1] through [9] of § 751(a).

At the close of the evidence offered by the government, defendant moved orally for judgment of acquittal. He moved as well to dismiss the indictment for failure to state a cause. The stated ground for both motions was the following:

This may be more of a formality than an oral argument, but I would like to preserve a couple points in reference to the proof of the Government and the sufficiency of the Government, and that is I thought I had a copy of the statute with me, but I don't. I notice in looking and in comparing the indictment to the statute, the Government has abbreviated the statute somewhat and so I'd like to complain they haven't brought within the statute—one element or one thing mentioned in this statute which is not in the indictment is the issue that the individual has to be confined on a commitment issued by a court judge or magistrate, I believe, and that language has been left out of the indictment. And the other thing is within the statute there appeared to be actually two separate offenses. One is an offense if you are committed upon conviction or arrest of a felony, and it's either a different offense or at least a different punishment if you're otherwise committed. I don't think the indictment tells us which of the two we're dealing with. I don't think it's complete and I would move for acquittal for the Government having failed to make a case and move to dismiss the indictment for failure to state a cause.

Government counsel responded that the indictment tracks the pertinent portion of the statute, that there had been sufficient evidence of an attempted escape, and that "the remaining elements pertaining to the lawful confinement [had] been stipulated to." The court denied the motion for judgment of acquittal, making no reference to the motion to dismiss the indictment. At the close of all the evidence, defendant renewed his motion for judgment of acquittal without adding to his argument made at the close of the evidence offered by the government, and the court denied the renewed motion.

In the discussion about the jury instructions to be given, the government requested an instruction which simply apprised the jury of what the indictment alleged, with no additions. The court inquired of defense counsel: "Do you have any objection to Government's Number 1? Did you make a motion with regard to the indictment? This not—contains maybe the language of the statute, but this is a copy of what's in the indictment?" Government counsel re-

sponded that it was a copy of what was in the indictment. Defense counsel stated that he had no objection "except that the instruction doesn't track the statute in the way the indictment does." The court declared its intention to give the instruction and did so. The government then requested an instruction which read:

> Title 18, United States Code, Section 751 provides in pertinent part as follows:
>> (a) Whoever ... attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, ... shall....
>
> be guilty of an offense against the United States.

Defense counsel stated that he had no objection other than that: "That has the same difficulty in that it does not contain the language toward the end, that is, 'Confined pursuant to process of the Court, Magistrate or Judge'—I think whatever the statute language is at that point." The court declared its intention to give the requested instruction and did so. The government then requested an instruction which read:

> In order to establish the offense charged in the indictment, the government must prove two essential elements:
>> *First*: That the defendant willfully attempted to escape as charged in the indictment; and
>>
>> *Second*: That at the time he attempted to escape, he was confined at the Federal Penitentiary in Marion, Illinois by direction of the Attorney General or his authorized representative.

Defense counsel stated: "Again, it has the same shortcomings as to whether or not it conforms to the matters necessary for a defense here." He added that the word "unlawfully" should appear. Government counsel responded: "Lawfully per se is not an element of the crime. The reference in the indictment is referring to the fact that he was leaving his lawful confinement, therefore it's unlawful as to a specific element of the crime and is not according to law." The court asked defense counsel whether his only objection was that the proposed instruction did not include "and unlawfully." Defense counsel replied: "Yes, and the other matter of the nature of the confinement." The court expressed the view that the inclusion of "willfully" and an instruction defining "willfully" seemed "to be the crucial thing here with regard to the first element," stated its intention to give the requested instruction, and did so. The government requested that the stipulation read earlier be reread as a part of the instructions. Defense counsel stated that he had no objection, and the court did so. No other instruction, requested or given, addressed the matter of custody categories [1] through [9] of § 751(a).

In closing argument, government counsel stated that the judge would tell the jury that there are two elements:

> The first element would be that Donald Richardson, the defendant here, was in lawful custody at the United States Penitentiary in Marion, Illinois, on June 10, 1979 where he was confined by direction of the Attorney General pursuant to committments issued under the laws of the United States. The Judge read to you a stipulation at the beginning of the case today. That stipulation has proven this fact. It's an agreed fact, agreed to by both the government and the defendant and his attorney.

The only further reference to the subject in closing argument by either counsel was an assertion by government counsel that both elements had been proven beyond a reasonable doubt: "The first element, Mr. Richardson was lawfully confined, and the second element," he attempted the escape.

The jury returned a verdict of guilty on April 7, 1981. On April 15, 1981, defendant filed a "memorandum in Support of Oral Motion for Judgment of Acquittal which was made during the trial of this cause." There followed: oral discussion among court and counsel at a pre-disposition hearing on April 15; briefing at the court's invitation; and further discussion and a ruling on April 27. Counsel for defendant expressed uncertainty whether he was at-

tempting as of April 15 to present a motion for a judgment of acquittal or a motion "for judgment notwithstanding the verdict." Eventually, it was construed by the court as a motion for judgment of acquittal, and the motion was denied as untimely [15] and because the court viewed the real issue to be not acquittal but whether imprisonment for more than one year could be imposed for the attempted escape. In the briefing and discussion from April 15 through April 27, defendant made the point, for the first time with some clarity, that he could not be convicted of attempted escape from Marion in the absence of proof that he was confined there at the time by virtue of conviction of some offense and, for the first time, cited judicial decisions bearing on that question. The April 27 sentence was limited to one year because the court considered that it might lack power to impose a longer sentence under § 751(a) on the state of the record.

Had a motion been made prior to trial to dismiss for failure to state an offense, it should surely have been granted. With respect to the nature of defendant's custody, only category [2] was clearly alleged. But the defendant's initial effort to bar all evidence of his prior criminal record, the failure of defendant to make a motion to dismiss for failure to state an offense until the close of the evidence offered by the government, his failure to renew such a motion to dismiss in the trial court at any subsequent stage, and most importantly his failure at any time prior to verdict to comment understandably on the failure of the indictment to allege that the custody was by virtue of a conviction, prompt us to construe the indictment with extreme liberality.

4. *Does this indictment sufficiently allege custody within category [5], [6], [7], [8], or [9]?*

We have noted earlier the presence in the indictment of the words "pursuant to

[a commitment] issued under the laws of the United States," which seems to have been an abortive allusion to category [3]. Also, we have noted the presence in the indictment of the phrase "in lawful custody," which appears nowhere in the statute. Exercising extreme liberality, we hold that, however fortuitous their inclusion may have been, the combination of these words did imply, faintly but sufficiently, that defendant was confined at Marion following a conviction of crime. "Commitment" is a term used to describe a judicial authorization to an officer of government physically to confine a person. It is used to describe such an authorization whether the person to be confined has been convicted or has not been convicted. *See* 18 U.S.C. §§ 4082(a), 4084, 4244, 5039. But viewed solely in terms of the function of an indictment as a form of notice, when "commitment" is used in conjunction with confinement at a penitentiary, it implies sufficiently that the commitment has followed conviction. Thus, the indictment adequately alleged the essential element of the offense that the custody was within categories [5], [6], [7], [8], or [9], namely [6]. The remaining criteria enunciated in *Russell v. United States, supra*, were easily met by the indictment. 369 U.S. at 763–764, 82 S.Ct. at 1406–1407. It sufficiently apprised defendant of what he must be prepared to meet. Subsequent to trial he acknowledged to the district judge that as of June 10, 1977, his confinement at Marion was by virtue of conviction of several crimes, so there was no chance that he could have shown otherwise. Whatever its failings, the indictment created no likelihood whatever that he would be exposed to subsequent prosecution for attempted escape from Marion on June 10, 1979.

We hold that the indictment was sufficient to charge an offense under 18 U.S.C. § 751(a).

B. *Sufficiency of the evidence*

Whether an essential element of an offense has been adequately alleged in an indictment is quite distinct from whether

---

**15.** A motion for judgment of acquittal made after a verdict of guilty must be made within 7 days after verdict. No extension was sought or granted here. The motion was untimely. Rule 29(c), Fed.R.Crim.P.

evidence has been adduced at trial sufficient to permit a reasonable jury to find, beyond a reasonable doubt, that the essential element is present. The courts' inhospitality to tardy attacks on the sufficiency of indictments reflects the view that after the necessary proof has been gathered, presented, and accepted by the jury (or judge, in a non-jury trial), the determination of guilt ought not lightly be undercut by relatively insignificant flaws in the indictment. A degree of indulgence of prosecutorial foibles at the pleading stage is intended to permit the presentation of competent and relevant evidence bearing on guilt or innocence, or to preserve the consequences of such a presentation, once made. But when that opportunity has been provided, indulgence does not extend to a prosecutorial failure to use it to present evidence of every essential element of the offense.

Defendant moved for a judgment of acquittal at the close of the evidence offered by the government and again at the close of all the evidence. Both motions were denied. In making the latter motion, counsel relied on the argument presented at the time the former was made. As noted above, that argument was opaque. However, it did touch upon the distinctions drawn in § 751(a) among various forms of custody, and it was sufficient to save from waiver the contention now presented on this appeal.

Viewing the evidence most favorably to the government and drawing from it every reasonable inference in the government's favor, there is no proof whatever that the custody was "by virtue of [5] an arrest on a charge of felony, . . . [7] for extradition or by virtue of [8] an arrest or [9] charge of or for a misdemeanor, and prior to conviction. . . ." § 751(a). The need is to examine the evidence bearing on whether the custody was "by virtue of . . . [6] conviction of any offense. . . ." That evidence included only the following:

(a) a stipulation that on June 10, 1979, defendant was an inmate at the United States Penitentiary at Marion, Illinois where he was held in lawful custody and was confined by the direction of the Attorney General pursuant to commitment issued under the laws of the United States;

(b) testimonial and documentary evidence from which it could reasonably be inferred that at least some of the inmates at the penitentiary were capable of violent behavior.

The government presents three arguments to support the sufficiency of this evidence.

The first is that the presence of the words "lawful custody" and "commitment issued under the laws of the United States" in the stipulation permits a reasonable jury to find beyond a reasonable doubt that defendant's custody was "by virtue of . . . conviction of any offense. . . ." As we have noted earlier, many persons are lawfully committed to custody long prior to conviction of an offense and often when no conviction ever occurs.

The second is that under 18 U.S.C. § 4083, a "United States penitentiary" may be used to confine persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year, but not persons convicted of offenses punishable by imprisonment for one year or less unless such persons consent. The provisions of § 4083 coupled with the stipulation that defendant was confined in a penitentiary, it is argued, are sufficient to permit a reasonable jury to find beyond a reasonable doubt that defendant's custody was "by virtue of . . . conviction of any offense."

The unarticulated premise of this second argument appears to be that by law confinement in a federal penitentiary can be only "by virtue of . . . conviction of any offense. . . ." The district court was not requested to take judicial notice of § 4083 and its implications and the jury remained in ignorance of the underpinnings of this contention. *See* Rule 201, Fed.R.Evid. In any event, the implications are by no means clear. Lawful confinement in various institutions and facilities maintained by the United States Bureau of Prisons may occur without prior conviction of an offense.

(1) Aliens may be arrested under certain circumstances, upon warrants of the

Attorney General, and be continued in confinement. 8 U.S.C. § 1252. Such confinement occurs in a federal penitentiary. *See Soroa-Gonzales v. Civiletti*, 515 F.Supp. 1049 (N.D.Ga.1981); *Fernandez-Rogue v. Smith*, 91 F.R.D. 117 (N.D.Ga.1981), 91 F.R.D. 239 (N.D.Ga.1981). Clearly, the Attorney General has not construed § 4083 to prevent the use of Bureau of Prisons institutions or facilities, including a penitentiary, for confinement of persons who have not been convicted of any offense. His construction is surely not irrational since § 4083 does not expressly prohibit such use.

(2) A person may be committed for reasonable periods "to a suitable hospital or other facility to be designated by the court" for the purpose of examination on the question of his or her ability to stand trial. 18 U.S.C. § 4244.

(3) Pretrial detainees are sometimes confined in institutions or facilities operated by the United States Bureau of Prisons. *See Hanly v. Kleindienst*, 471 F.2d 823 (2d Cir. 1972).

(4) Juveniles may be confined by direction of the Attorney General in institutions and facilities in the absence of a criminal proceeding. 18 U.S.C. § 752(b).

(5) Military and Coast Guard personnel may be confined in institutions and facilities operated by the United States Bureau of Prisons. 10 U.S.C. § 858(1); 28 C.F.R. § 527.10.

Our point is not to inquire in depth into the examples just cited, but rather to emphasize that is surely not within jurors' "own observations and experiences in life" to be aware whether every person confined at Marion at every moment is a person who has been convicted of an offense. Federal Criminal Jury Instructions of the Seventh Circuit (1980), no. 1.07.

The government's third and final argument is that the district court responded correctly to whatever shortcomings may have marred the evidence, because the sentence was limited to imprisonment for one year. Although we understand and sympathize with the district court's effort to find a practical solution to the prosecutor's oversight, we cannot agree that its course was lawful. As observed earlier in this opinion,[16] there is no evidence to permit a reasonable jury to find beyond a reasonable doubt that defendant's custody or confinement was "for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction. . . ." In the absence of such evidence, defendant's conviction under categories [7], [8], or [9] of § 751(a) cannot stand.

We conclude that the evidence was insufficient to permit a reasonable jury to find beyond a reasonable doubt that one of the essential elements of the offense was present.

II.

In light of our ruling on the insufficiency of the evidence, it is unnecessary to reach the other questions raised by defendant on this appeal.

The judgment of the district court is reversed and the case is remanded for entry of a judgment of acquittal.

---

**16.** *See infra* text accompanying note 9.