894 F.2d 463
 282 U.S.App.D.C. 304
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
John Robert TUCKER, Appellant.
 No. 89-3042.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 30, 1990.
 
 Before MIKVA, SILBERMAN and BUCKLEY, Circuit Judges.
 JUDGMENT
 Per Curiam.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Appellant alleges that the indictment under which he was charged was technically defective because it did not expressly state that he knowingly executed a scheme to defraud several District of Columbia banks. We find the indictment fully apprised the defendant of the "knowledge" element and was specific enough to protect him against surprise or double jeopardy. Under this court's decision in United States v. McBride, 498 F.2d 683, 687 (D.C.Cir.1974), we find the indictment sufficient. We also reject appellant's claims that the trial court erred in admitting evidence of appellant's fraudulent transactions with other banks. We find that these transactions were intertwined as part of the criminal scheme. There was no basis, then, for appellant's contention that these were inadmissable as "other" bad acts. Finally, we hold that the trial judge did not abuse his discretion by determining that the prejudicial effect of evidence concerning transactions with other banks did not outweigh its probative value. United States v. Perholtz, 842 F.2d 343 (D.C.Cir.), cert. denied, 109 S.Ct. 65 (1988).
 
 
 3
 ORDERED and ADJUDGED that appellant's conviction is affirmed.